# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDALL JOE MARSHALL, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>ANITA TRAMMELL, Warden, )<br>)<br>Respondent. ) | Case No. CIV-11-191-F |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition and the attached brief in support[1] (Brief) have been examined, and for the reasons set forth hereafter, the undersigned finds the petition is untimely and recommends that it be dismissed on filing.

## Background

Petitioner was convicted in Stephens County District Court[2] in February, 2002, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction and sentence

---

[1]Petitioner states on the face of his petition that such petition incorporates an attached supporting brief. Petition, p. 1 (Petition For Writ of Habeas Corpus "And Brief in Support-Attached").

[2]Case No. CF-2001-294.

by summary opinion on March 25, 2003. Brief, Exhibit E, p. 1.[3] Petitioner was denied post-conviction relief by the Stephens County District Court on June 3, 2004. Petition, p. 3; Brief, Exhibit E. Petitioner's appeal of this result was dismissed by the OCCA on September 21, 2004,[4] due to counsel's failure to file a timely supporting brief. Brief, p. 2 and Exhibit E. Thereafter, on June 17, 2005, Petitioner, appearing pro se, filed an application for post-conviction relief requesting an appeal out of time which was denied by order of the trial court filed on September 19, 2005. Brief, Exhibits G and H. An appeal from this order was initiated but apparently not perfected. Brief, Exhibit H.

## Analysis

### Screening Requirement

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." It is appropriate for the court to raise the issue of timeliness of a habeas petition *sua sponte* under Rule 4. *Day v. McDonough,* 547 U.S. 198, 209 (2006)("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). Petitioner will have a further opportunity to be heard on the matter by filing an objection to this Report and Recommendation. *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. 1994) (unpublished op.) (finding "no due process

---

[3]*Marshall v. State,* No. F-2002-211 (Okl. Cr. March 25, 2003).

[4]*Marshall v. State,* No. PC-2004-605 (Okl.Cr. Sept. 21, 2004).

2

problem" where magistrate judge raised issue of procedural bar *sua sponte* and petitioner had opportunity to object to report and recommendation prior to its adoption) (citing *Hardiman v. Reynolds*, 971 F.2d 500 (10th Cir. 1992)).

**Applicable Limitations Period**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by § 2244(d)(1)(A), unless a petitioner alleges facts that would implicate the alternative provisions set forth in § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Petitioner does not suggest the application of any alternative provisions of § 2244(d)(1).

Pursuant to § 2244(d)(1)(A), Petitioner's conviction became final on June 23, 2003,

the date Petitioner's time for filing a petition for certiorari expired, *see* 28 U.S.C. § 2101(c), and the AEDPA's one year limitation period therefore began to run on June 24, 2003, after application of Rule 6(a), Fed. R. Civ. P., and expired on June 24, 2004. *See Haws v. Jorgensen*, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. March 14, 2007) ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004.")(footnote omitted) (citing *United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003)). The petition in this case is deemed filed on February 16, 2011.[5] Thus, this matter is time-barred unless Petitioner can establish that the one-year limitation period has been tolled.

**Statutory Tolling**

Petitioner is entitled to statutory tolling during the pendency of his properly filed state post-conviction proceedings. 28 U.S.C. § 2244(d)(2) (time during which properly filed application for post-conviction or other collateral review is pending is not counted). Petitioner filed his initial application for post-conviction relief in Stephens County District Court on March 8, 2004, after 258 days of the limitation period had run, thus tolling the one-year period with approximately 107 days remaining. The limitation period began running again on September 22, 2004, after the OCCA dismissed his post-conviction appeal and continued until it expired 107 days later. Petitioner therefore had until January 7, 2005, to

---

[5]The petition was file-stamped on February 23, 2011, but the petition is deemed "filed" as of the date Petitioner gives it to prison officials for mailing. *See Fleming v. Evans,* 481 F.3d 1249, 1255 n.2 (10th Cir. 2007). The undersigned has assumed a filing date of February 16, 2011, the date Petitioner verified his petition. Petition, p. 13.

4

file a timely federal habeas petition.[6] Because the habeas petition was filed at the earliest on February 16, 2011, absent equitable tolling, this action is time-barred.

**Equitable Tolling**

Petitioner maintains in his supporting brief that the limitations period should be equitably tolled, claiming that "through no fault of his own [he] is filing said Petition past the 1 yr. deadline."[7] Brief, p. 1. Referencing *Strickland,*[8] Petitioner argues that his attorney's performance "was deficient and that this Petitioner was Prejudiced, and that the results of the State [application for post-conviction relief] would have been different as a result of Counsels actions, precluding the need for this Petition." *Id.* Petitioner acknowledges that he is not entitled to counsel in post-conviction proceedings, but he asserts that his counsel "acted not only with mere negligence but has also been deceitful with possible Crimminal intent, thus, amounting to extraordinary circumstances warranting Equitable Tolling."[9] *Id.*

Although "the timeliness provision in the federal habeas corpus statute is subject to

---

[6]Petitioner's second application for post-conviction relief filed on July 17, 2005, had no tolling effect because it was filed well past the January 7, 2005, expiration of the one-year statute of limitations. Brief, Exhibit G.

[7]Unless otherwise indicated, quotations in this report are reproduced verbatim.

[8]*Strickland v. Washington,* 466 U.S. 668 (1984).

[9]Petitioner describes, and attaches as exhibits, papers that were filed by counsel in an effort to rectify what counsel admitted to the Oklahoma Bar Association was his error in missing a filing deadline. Brief, p. 2. Petitioner has also attached a copy of a March, 2009 order by the District Court of Cleveland County awarding judgment in favor of Petitioner and against his counsel in the amount of "$2,500 for direct compensation of said funds paid [his counsel] to represent plaintiff on PCR appeal and the breach and failure to do so. . . ." Brief, Exhibit L.

5

equitable tolling," *Holland v. Florida,* ___U.S. ___, 130 S.Ct. 2549, 2554 (2010), a petitioner is entitled to equitable tolling only if he demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal question marks omitted). Equitable tolling may be appropriate, for instance, "when a prisoner is actually innocent" or "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (quoting *Wallace v. Kato,* 549 U.S. 384, 396 (2007)). *See also Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (equitable tolling does not apply unless a petitioner shows both extraordinary circumstances preventing timeliness and diligent pursuit of his claim). The burden is on a petitioner to demonstrate the circumstances that justify equitable tolling. *Yang*, 525 F.3d at 928 ("'[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.'") (citation omitted); *see also Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998).

Petitioner maintains that the untimeliness of habeas petition should be excused due to the ineffective assistance of his counsel in connection with the dismissal of his state post-conviction appeal. In his June 17, 2005, pro se application for post-conviction relief in which he requested an appeal out of time, Petitioner stated under oath that counsel had assured him

6

all was proceeding well with the appeal; that he did not receive a copy of the September 21, 2004, dismissal by the OCCA; and that he did not learn of the dismissal until eight months after it occurred. Brief, Exhibit G, pp. 6-8.

Even assuming that Petitioner had been diligently pursuing his federal claims and further assuming that counsel's ineffective assistance including the delayed notification to Petitioner of the dismissal of his post-conviction appeal, constituted an "extraordinary circumstance" warranting equitable tolling, the tolling of the limitations period would only extend the date for seeking federal habeas corpus relief for 107 days from the time Petitioner learned that the post-conviction appeal was no longer pending. In other words, after the alleged "extraordinary circumstance" was no longer an impediment, Petitioner had 107 days remaining in the one year period to file his habeas corpus petition. The evidence submitted by Petitioner plainly demonstrates that he was aware of the dismissal and his counsel's actions at the latest by June 17, 2005, the date he filed his second post-conviction relief application, arguing that he had been constrained by an "extraordinary circumstance." Brief, Exhibit G, p. 5. Thus, after application of any equitable tolling, Petitioner had 107 days, or until October 2, 2005, in which to seek federal habeas relief. Petitioner wholly fails to explain how counsel's admitted failure to file an appellate brief or the delayed notice of the OCCA's dismissal of his appeal prevented Petitioner's own timely filing of the instant habeas petition.[10] Moreover, Petitioner has not demonstrated the required diligence, given that he

---

[10]Instead, Petitioner only speculates that "it is reasonable to assume that had [counsel] not
(continued...)

waited well over five years after he discovered counsel's "egregious misconduct" before filing this habeas action.

Any equitable tolling of the one year limitations period extends Petitioner's due date for seeking habeas relief to no later than October 2, 2005.[11] Consequently, the federal habeas petition filed on February 16, 2011, is time-barred under 28 U.S.C. § 2244(d)(1)(A).

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition for a writ of habeas corpus be summarily dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1). Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by July 7, 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F. 2d 656 (10th Cir. 1991).

The Clerk of the Court is instructed to electronically forward a copy of this Report and Recommendation to the Oklahoma Attorney General on behalf on the Respondent at the

---

[10](...continued)
committed this error Ct. 2 would have been vacated considering the meritorious claim that is being also raised here." Brief, p. 2.

[11]The result is, of course, the same if Petitioner's time remained equitably tolled until his second application for post-conviction relief was denied on September 19, 2005. The 107 days remaining in the one-year statutory period expired long before Petitioner sought habeas relief over five years later.

8

following address: fhc.docket@oag.state.ok.us.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 17th day of June, 2011.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE