# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

RANDALL JOE MARSHALL,           )
                                )
    Petitioner,                 )
                                )
vs.                             )   Case No. CIV-11-0191-F
                                )
ANITA TRAMMELL, Warden,         )
                                )
    Respondent.                 )

## ORDER

This action seeks habeas relief under 28 U.S.C. § 2254. Petitioner also requests an evidentiary hearing and has moved separately for that relief. (Doc. no. 11.) Petitioner appears *pro se*, and his pleadings are liberally construed.

Magistrate Judge Bana Roberts entered her Report and Recommendation in this matter on June 17, 2011, recommending that the petition be found untimely and that it be dismissed on filing. (Doc. no. 9). Petitioner has filed an objection to the magistrate judge's recommended findings and conclusions. (Doc. no. 12) The court reviews the objected to matters *de novo*.

In his objections to the Report, petitioner argues that he is entitled to equitable tolling of the limitations period based on his double jeopardy argument, which he characterizes as an argument "facially sufficient in showing legal innocence." (Doc. no. 12, p. 1.) Actual innocence claims sufficient to entitle petitioner to equitable tolling require factual innocence. Petitioner's objections include no arguments regarding factual innocence. *And see*, Selsor v. Kaiser, 22 F. 3d 1029, 1034-35 (10th Cir. 1994) (distinguishing claims of factual innocence from legal innocence; stating

that double jeopardy claims are claims of legal innocence which are insufficient to establish a fundamental miscarriage of justice).

For these and other reasons stated in the Report, and having considered each of petitioner's objections to the Report whether or not detailed here, the court concludes that it concurs with the magistrate judge's determinations and that it would not be useful to cite any additional arguments or authorities.

The Report and Recommendation of Magistrate Judge Roberts is **ACCEPTED, ADOPTED** and **AFFIRMED** in its entirety. Accordingly, the Petition for a Writ of Habeas Corpus is **DISMISSED** as time-barred. Petitioner's request for an evidentiary hearing is **DENIED**.

Movant is entitled to a certificate of appealability only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating that the issues movant seeks to raise are deserving of further proceedings, debatable among jurists of reasons, or subject to different resolution on appeal. *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits,...[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. When a prisoner's habeas petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

The movant has not made the requisite showing and a certificate of appealability is **DENIED**.

Dated this 22nd day of July, 2011.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

11-0191p003.wpd